# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL KORS, L.L.C.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil No. 3:19-cv-01364 (VLB)** |
| **C.G.C. ENTERPRISES, INC.;** | : | |
| **CHARLES CHESLOCK;** | : | |
| **DIGSBY, TAYLOR & HOBBES, LLC;** | : | |
| **RICHARD LEBOV; and** | : | |
| **"JOHN DOES" 1-100,** | : | |
| **Defendants.** | : | **October 22, 2019** |

## DEFENDANTS DIGSBY, TAYLOR & HOBBES, LLC'S AND RICHARD LEBOV'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND CROSSCLAIM AGAINST DEFENDANT CHARLES CHESLOCK

**DEFENDANTS, DIGSBY, TAYLOR & HOBBES, LLC and RICHARD LEBOV (Defendants), through their counsel, Michael S. Hillis, respectfully file this answer and affirmative defenses to PLAINTIFF MICHAEL KORS, LLC'S (Plaintiff) complaint in accordance with Rule 12(a) of the Federal Rules of Civil Procedure.**

## ANSWERS

As to the Plaintiff's allegations contained in the following paragraphs of the complaint, Defendants answers as follows:

1.  **Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.**

1

2.  **Denied.**

3.  **Denied.**

4.  **Denied.**

5.  **Denied.**

6.  **Denied.**

7.  **Denied.**

8.  **Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.**

9.  **Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.**

10. **Denied.**

11. **Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.**

12. **Admitted.**

13. **Admitted.**

14. **Admitted.**

15. **Admitted.**

16. **Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.**

17. **Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.**

18. **Admitted.**

19. Defendant's deny that they committed the acts complained of within the district and admit that they do business in the district and that they reside in the district.

20. Admitted.

21. Admitted.

22. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

23. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

24. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

25. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

26. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

27. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

28. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

29. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

30. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

31. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

32. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

33. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

34. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

35. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

36. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

37. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

45. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

46. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

47. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

48. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

49. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

50. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

51. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

52. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

53. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

54. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

55. Denied.

56. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

57. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

58. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

59. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

60. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

61. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

62. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

63. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

64. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

65. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

66. Admitted.

67. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

68. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

69. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

70. Admitted as to the written response from Attorney Resnick; denied as to the remaining allegations.

71. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

72. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

73. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

74. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

75. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

76. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

77. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

78. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

79. Denied.

80. Denied.

81. Denied.

82. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

83. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

84. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

85. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

86. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

87. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

88. Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

89. Denied.

90. Denied.

91. Denied.

92. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

93. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

94. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

95. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

96. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

97. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

98. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

99. This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

100.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

101.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

102.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

103.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

104.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

105.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

106.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

107.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

108.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

109.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

110.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

111.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

112.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

113.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

114.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

115.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

116.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

117.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

118.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

119.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

120.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

121.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

122.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

123.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

124.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

125.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

126.     This paragraph is not directed to Defendants Digsby, Taylor & Hobbes, LLC or Richard Lebov.

127.     Defendants repeat their answers to Plaintiff's allegations contained in paragraphs 1 through 90 of the complaint.

128.    Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

129.    Denied.

130.    Denied.

131.    Admitted.

132.    Denied.

133.    Denied

134.    Denied.

135.    Denied.

136.    Defendants repeat their answers to Plaintiff's allegations contained in paragraphs 1 through 90 of the complaint.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Defendants do not possess enough information to either admit or deny the Plaintiff's allegation and leave the Plaintiff to its proof.

## DEFENDANTS' SPECIAL AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim upon Which Relief May be Granted)**

1. As a first, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted against Defendants under the applicable laws.

### SECOND AFFIRMATIVE DEFENSE

**(Statue of Limitations)**

2. As a second, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that each such cause of action is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3. As a third, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff is barred from bringing such cause of action by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

**(Waiver)**

4. As a fourth, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff is barred from bringing such cause of action by the doctrine of waiver.

13

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. As a fifth, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff is barred from bringing such cause of action by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. As a sixth, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff is barred from bringing such cause of action by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7. As a seventh, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff has failed to mitigate their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause/Proportional Fault)

8. As an eighth, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff's own acts and omissions proximately caused or otherwise contributed to Plaintiff's alleged damages, if any, and that Plaintiff's recovery should be reduced pro rata on the basis of its proportional fault.

## NINTH AFFIRMATIVE DEFENSE

### (Reserved Defenses)

9.  As a ninth, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that they have insufficient knowledge or information upon which to form a belief as to whether that may have additional as yet unstated affirmative defenses. Defendants hereby reserve the right to assert these additional affirmative defenses in the event that discovery indicates such defenses would be appropriate.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Damages Proximately Caused by Defendants)

10. As a tenth, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff's damages, if any, are not the result of any actions or inactions on the part of Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions)

11. As an eleventh, separate, and affirmative defense to each and every cause of action alleged in the complaint, Defendants allege that Plaintiff's own actions or inactions caused its damages, if any, and therefore Plaintiff's claims are barred.

**WHEREFORE, Defendants pray for judgment as follows:**

    **1. That Plaintiff take nothing by reason of the complaint on file herein;**

    **2. That Defendants recover their costs for defending this suit brought by Plaintiff, including reasonable attorneys' fees; and**

    **3. Other and further relief as the Court may deem just and proper.**

**CROSSCLAIM**

**DEFENDANTS DIGSBY, TAYLOR & HOBBES, LLC AND RICHARD LEBOV AS MEMBER CROSSCLAIM AGAINST CHARLES A. CHESLOCK, SR.**

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, DEFENDANTS DIGSBY, TAYLOR & HOBBES, LLC and RICHARD LEBOV AS MEMBER (collectively DTH) respectfully bring this CROSSCLAIM against CHARLES A. CHESLOCK, SR. (Cheslock or Tenant).

1. On September 5, 2018, DTH entered into a written lease agreement with Cheslock as tenant.

2. The lease agreement provided that DTH would lease its land situated on property described as #500 Ella Grasso Boulevard (Premises) to Cheslock on Saturdays and Sundays of each week.

3. The lease agreement provided that the premises would be used by Cheslock only for the operation of a flea market.

4. In Section 6 – Covenants of TENANT, of the lease agreement, paragraph B. provides: "TENANT covenants to operate TENANT'S business in said leased premise and to use and maintain said premises in accordance with the laws of the United States, the State of Connecticut, and the by-laws, rules, regulations and ordinances of the City of New Haven . . ."

5. **In Section 6 – Covenants of Tenant, of the lease agreement, paragraph C. provides: "TENANT agrees that he will not permit any vendor on the Premises to offer for sale any item in violation of any copyright or trademark rights or laws. Any such vendor shall by immediately removed from the Premises by TENANT . . ."**

6. **Section 7 – Remedies in Event of Default, of the lease agreement provides that the tenant agrees to hold DTH free and harmless from any and all breaches and violations of any of the terms of this agreement, including by way of illustration and not by way of limitation, all liability, damages, costs, and attorney's fees incurred by DTH as a result of such breaches and violations.**

7. **Section 18 – Hold Harmless, of the lease agreement provides that tenant shall at tenant's sole cost and expense hold DTH free and harmless from any and all claims and demands in connection with tenant's use and maintenance of the subject property, including by way of illustration, actions of any persons upon the premises, including the costs and expenses in defending any claim made against DTH.**

8. **Section 22 – Retroactivity, of the lease agreement provides that, "The parties agree that the terms and provisions herein contained are those upon which the parties previously agreed. For such reason, the terms and provisions shall be deemed to apply retroactively."**

9.  Cheslock signed the last page of lease agreement as "Tenant" on September 5, 2018.

10. Section 3 – Term of the lease agreement provides that, "TO HAVE AND TO HOLD the above premises for a period of two years . . ."

11. Pursuant to the duly executed lease agreement between DTH and Cheslock, Cheslock is solely responsible for any damages to PLAINTIFF MICHAEL KORS, LLC (Plaintiff) based on Plaintiff's claims that its trademark was infringed by vendors at the flea market operated by Cheslock on Ella Grasso Boulevard in New Haven, Connecticut. .

12. Pursuant to the duly executed lease agreement between DTH and Cheslock, in the event that DTH is found liable for damages suffered by Plaintiff because of the actions of vendors at Cheslock's flea market, Cheslock must hold DTH harmless from all liability, damages, costs, and attorney's fees incurred by DTH.

WHEREFORE, DEFENDANTS DIGSBY, TAYLOR & HOBBES, LLC and RICHARD LEBOV AS MEMBER pray for judgment against CHARLES A. CHESLOCK, SR. as follows:

1. BY WAY OF INJUNCTIVE RELIEF, That the Court order CHARLES A. CHESLOCK, SR. to hold harmless DEFENDANTS DIGSBY, TAYLOR & HOBBES, LLC and RICHARD LEBOV AS MEMBER as to the claims and prayers for relief made by PLAINTIFF MICHAEL KORS, LLC in its complaint filed in this matter.

2. BY WAY OF DAMAGES, That the Court order CHARLES A. CHESLOCK, SR. to compensate DEFENDANTS DIGSBY, TAYLOR & HOBBES, LLC and RICHARD LEBOV AS MEMBER all their costs for defending this suit brought by PLAINTIFF MICHAEL KORS, LLC, including any damages awarded and reasonable attorneys' fees incurred; and

3. Other and further relief as the Court may deem just and proper.

## DEFENDANTS' DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), **DEFENDANTS DIGSBY, TAYLOR & HOBBES, LLC and RICHARD LEBOV, through their counsel Michael S. Hillis, respectfully DEMAND a trial by jury in this matter on all issues so triable.**

<br>

DEFENDANTS
DIGSBY, TAYLOR & HOBBES, LLC and
RICHARD LEBOV

*/s/ Michael S. Hillis*

BY: _____

MICHAEL S. HILLIS
DOMBROSKI HILLIS, LLC
129 Whitney Avenue
New Haven, CT 06510
mhillis@dkh-law.com
203-624-9096
Bar #: ct11867

## CERTIFICATION

I hereby certify that on October 22, 2019 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_/s/     Michael S. Hillis_____
**MICHAEL S. HILLIS**